UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
SHAKEEMA T. LYNCH,

           Plaintiff,

  -against-                    **MEMORANDUM AND ORDER**
                                 Case No. 1:18-CV-0650 (FB)
ANDREW SAUL, Commissioner of
Social Security,

           Defendant.
--------------------------------------------------x

*Appearances:*
For the Plaintiff:                        *For the Defendant:*
CHARLES E. BINDER              MATTHEW J. MAILLOUX
Law Offices of Harry J. Binder and    Assistant United States Attorney
Charles E. Binder, P.C.                Eastern District of New York
60 East 42nd Street, Suite 520        271 Cadman Plaza East
New York, New York 10165            Brooklyn, New York 11231

**BLOCK, Senior District Judge:**

      Shakeema T. Lynch seeks review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for benefits under the Social Security Act. Both parties move for judgment on the pleadings. For the following reasons, Lynch's motion is granted, the Commissioner's motion is denied, and the case is remanded for further proceedings.

I

      Lynch filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") in September 2014, alleging that she had been

disabled since May 31, 2013. The claims were denied and Lynch requested a hearing before an administrative law judge ("ALR"). After that hearing, the ALJ issued a written decision on July 28, 2017.

Applying the familiar five-step sequential evaluation process,[1] the ALJ found (1) that Lynch was not engaged in substantial gainful activity; (2) that she suffered from several severe impairments, including supraventricular tachycardia, a type of arrhythmia characterized by an abnormally fast heart rate; (3) that her impairments did not meet or equal the severity of any listed impairment; and (4) that she had no relevant past work.

Before turning to step five, the ALJ assessed Lynch's residual functional capacity ("RFC"). In so doing, he noted that Lynch's arrhythmia was not diagnosed until January 2017 and then successfully treated in June 2017. Thus, he found that her physical impairments limited her RFC "only to the extent of

---

[1]The ALJ must determine "(1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience." *McIntyre v. Colvin*, 748 F.3d 146, 150 (2d Cir. 2014) (citing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The burden of proof is on the claimant in the first four steps but shifts to the Commissioner at the fifth step. *Id.*

restricting her to work at the sedentary level of exertion." AR 22. After adding several non-exertional limitations attributable to mental impairments, the ALJ found that Lynch was able to perform work in the national economy and, therefore, was not disabled.

Lynch sought review with the Commissioner's Appeals Council. She submitted new evidence showing that the June 2017 treatment had not been successful. The Appeals Council nevertheless denied the request for review, reasoning that, because the new evidence postdated the ALJ's decision, "it [did] not affect the decision about whether you were disabled beginning on or before July 28, 2017." AR 2. Lynch timely sought judicial review.

The Appeals Council further advised Lynch, "If you want use to consider whether you were disabled after July 28, 2017, you need to apply again." AR 2. She did so and was awarded benefits as of July 29, 2017. This case, therefore, involves only Lynch's claim of disability prior to that date.

## II

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a

3

conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

Lynch argues that the ALJ failed to properly weigh the medical evidence. The Court agrees.

The ALJ stated that "there is no evidence of recurring physical symptoms until March 2015" and "little evidence of a cardiac impairment until 2017." AR 17. The first statement is correct; the second is not. Between March 2015 and January 2017, Lynch went to the emergency room at least *seven times*, each time complaining of chest pain, palpitations and shortness of breath. The ALJ acknowledged these visits, but apparently gave them little weight because the symptoms abated and no cause for them was documented. *See, e.g.*, AR 18 ("[Lynch] had normal sinus rhythm, normal labs, and showed no evidence of active pulmonary disease."); *see also id.* ("The 2016 treatment records reflect subjective symptom complaints but routinely show normal physical examination findings, except for poorly controlled hypertension.").

Instead, the ALJ focused on the January 2017 visit, after which Lynch was hospitalized. It was during that stay that her heart condition was first described as supraventricular tachycardia and that cardiac ablation (scarring of the tissue suspected of causing the arrythmia) was recommended as a treatment.[2] But

---

[2]Lynch went to the emergency room at least four more times between

4

disability depends on the existence of an *impairment*. While the impairment must be "medically determinable," 42 U.S.C. §§ 423(d)(1)(A), 1392c(a)(3)(A), it does not follow that a cause must be known. *Cf. Green-Younger v. Barnhart*, 335 F.3d 99, 108 (2d Cir. 2003) (criticizing ALJ for "effectively require[ing] 'objective' evidence for a disease that eludes such measurement").

In any event, Lynch's doctors did eventually ascribe a cause to her symptoms. During the ablation procedure, the cardiologist saw evidence of "[p]ossible dual AV nodal physiology," an extra "pathway" in the system that conducts electricity through the heart. AR 1835. He corrected the condition during the procedure, leading the ALJ to conclude that the problem had been "successfully treated." AR 23.

The ALJ was incorrect. At a follow-up appointment, Lynch reported "brief palpitations every 2-3 days, but nothing prolonged." AR 106. By September 2017, however, she was experiencing "ongoing palpitations . . . with associated shortness of breath, lasting up to several hours." AR 98. Her Holter monitor (essentially a portable electrocardiogram machine) had revealed "frequent [premature contractions] and runs of atrial tachycardia/fibrillation" during which Lynch would almost faint. AR 98. A second cardiologist identified a new

---

January 2017 and June 2017, when the ablation procedure was performed.

possible source of the arrythmia "with associated high risk symptoms." AR 74. He discussed with Lynch the risks and benefits of a second ablation procedure, noting that "medical therapy is limited in its ability to maintain sinus rhythm over a longer time course." AR 99.

As noted, Lynch presented this evidence to the Appeals Council, which rejected it as irrelevant to the issue of "whether [she was] disabled beginning on or before July 28, 2017." AR 2. This, too, was error. The Second Circuit has long held that new medical evidence is not irrelevant simply because it postdates the claimed period of disability. On the contrary, such evidence "may disclose the severity and continuity of impairments existing [during the relevant time period]." *Lisa v. Sec'y of Dep't of Health & Human Servs.*, 940 F.2d 40, 44 (2d Cir. 1991) (quoting *Gold v. Sec'y of Health, Educ. & Welfare*, 463 F.2d 38, 41-42 (2d Cir. 1972)).

## III

The Commissioner's eventual award of benefits attests that Lynch's cardiac impairment is disabling. The likelihood that the impairment arose suddenly after two years' worth of consistent complaints is negligible. It is far more likely that the lack of a diagnosis supported by objective findings was due to the difficulty in testing for and finding a precise cause for Lynch's symptoms.

Therefore, the Court must remand. The record, however, does not

6

conclusively establish whether Lynch's impairment imposed disabling limitations prior to July 29, 2017, and if so, when. The Court remands for the ALJ to address those issues, rather than solely for a calculation of benefits.

On remand, the ALJ shall reassess Lynch's impairment in light of all the relevant evidence, including the evidence submitted to the Appeals Council. The ALJ shall then reevaluate the opinion evidence regarding the limitations imposed by the impairment, bearing in mind (1) that the lack of objective findings or a diagnosis is not a valid reason to discount Lynch's symptoms prior to January 2017, and (2) that the ablation procedure in June 2017 was not successful. The ALJ shall also, if necessary, solicit opinion evidence regarding the onset of the impairment and its limitations.

**SO ORDERED.**

/S/ Frederic Block\
FREDERIC BLOCK\
Senior United States District Judge

Brooklyn, New York\
August 15, 2019